JUL 18 2025 PM2:31
FILED - USDC - FLMD - TPA

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

GABRIELA NICOLE CENTENO MORALES,

  Plaintiff,

V.

Case No. 8-25-CV-1883-KKM-AAS

JURY TRIAL DEMANDED

EXPERIAN INFORMATION SOLUTIONS, INC

  Defendant.

## COMPLAINT

Plaintiff Gabriela Nicole Centeno Morales brings this action against Defendant Experian, LLC for violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., and alleges as follows:

## INTRODUCTION

1. This is an action for actual, statutory, and punitive damages, costs, and attorney's fees brought under the FCRA.

2. Defendant Experian, LLC failed to conduct reasonable reinvestigations of Plaintiff's credit disputes and refused to correct or delete inaccurate and incomplete data.

3. Defendant's conduct resulted in ongoing credit harm and emotional distress.

## JURISDICTION AND VENUE

4. Jurisdiction arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

5. Venue is proper under 28 U.S.C. § 1391(b) as Plaintiff resides in Hillsborough County, Florida, and the events at issue occurred here.

## PARTIES

6. Plaintiff Gabriela Nicole Centeno Morales is a natural person residing in Gibsonton, Florida.

7. Defendant Experian is a consumer reporting agency doing business in Florida.

## FACTUAL ALLEGATIONS

8. Plaintiff Gabriela Nicole Centeno Morales is a hardworking single mother of young children who depends entirely on her own income to provide for her household. She has

taken careful steps to improve her credit in order to purchase a reliable vehicle and qualify for a mortgage.

9. In early 2025, Plaintiff began the process of applying for an auto loan and later explored options for a first-time homebuyer mortgage. To prepare, she pulled her Experian credit report and was disheartened to discover several accounts listed with incomplete account numbers and missing or inaccurate payment histories. These errors created the false impression that she was a credit risk.

10. On or about May 15, 2025, Plaintiff submitted a written dispute to Experian, identifying the specific accounts with these inaccuracies.



11. The disputed accounts included:

- POSSIBLE FINANCE (Acct #65RWMW, 671SYLX, BHZQLEX): Account number incomplete, payment history missing.
- FIRST PREMIER BANK (Acct #571800): Account number incomplete, payment history incomplete.
- TEK COLLECT (Acct #ARS139): Account number and payment history incomplete.
- WESTLAKE PORTFOLIO MGMT: Account number and payment history incomplete.

12. Plaintiff provided supporting documentation and proof of identity with her dispute. (See Exhibit A)

13. On or about May 28, 2025, Experian responded that the accounts had been "verified, corrected, or updated," but failed to make any meaningful corrections or



deletions. (See Exhibit B)

14. Experian did not provide the ACDV record or disclose its method of verification.

15. As a result of Experian's failure to correct these inaccurate items, Plaintiff was denied financing for a used vehicle she desperately needed for commuting to work and transporting her children. **(AMERICAN CREDIT ACCEPTANCE on 2/25)**. She was also unable to qualify for pre-approval on a modest home loan.

16. These denials caused financial strain and emotional distress. Plaintiff continues to rely on unreliable transportation, which disrupts her work and family responsibilities, and she remains stuck in a small, unstable housing situation.

17. Experian processed her dispute using the e-OSCAR system, which reduces consumer complaints to standardized codes and excludes any supporting documents from being reviewed by furnishers.

18. This ACDV system is inherently flawed, omitting critical context and often leading to automatic "verified" responses that ignore the consumer's actual evidence.

19. Defendant did not conduct a meaningful, independent reinvestigation.

20. Plaintiff exhausted all efforts to resolve the matter before turning to this Court for relief.

## CAUSES OF ACTION

## COUNT I: VIOLATION OF 15 U.S.C. § 1681i (Failure to Conduct a Reasonable Reinvestigation)

21. Plaintiff re-alleges paragraphs 1 through 20.

22. Defendant failed to conduct a reasonable reinvestigation of Plaintiff's disputes.

23. Defendant's actions were willful or, in the alternative, negligent.

24. Plaintiff suffered damages as a result.

## COUNT II:

## VIOLATION OF 15 U.S.C. § 1681i(a)(6) (Failure to Provide Required Dispute Information)

25. Plaintiff re-alleges paragraphs 1 through 20.

26. Defendant failed to provide a description of its method of verification or the ACDV record.

27. This omission deprived Plaintiff of her right to meaningful review.

28. Defendant's actions were willful or, in the alternative, negligent.

29. Plaintiff suffered damages as a result.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Order Defendant to delete or fully correct all inaccurate account entries;

B. Award actual damages in the amount of $5,000;

C. Award statutory damages of $1,000 per violation;

D. Award punitive damages;

E. Award costs and reasonable attorney's fees;

F. Grant any other relief the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff demands trial by jury on all issues so triable.

Dated: July 7, 2025

Respectfully submitted,

/s/ Gabriela Nicole Centeno Morales Gabriela Nicole Centeno Morales 12936 Bridleford Dr Gibsonton, FL 33534 Pro Se Plaintiff